Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 860-0770
Facsimile: (310) 860-0771
CShegerian@Shegerianlaw.com
ANguyen@Shegerianlaw.com

Attorneys for Plaintiff
TAMAR KASBARIAN

Mia Farber (SBN 131467)
Dorothy L. Black (SBN 211260)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
farberm@jacksonlewis.com
dorothy.black@jacksonlewis.com

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TAMAR KASBARIAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EQUINOX HOLDINGS, INC., EQUINOX FITNESS MARINA DEL REY, INC., EQUINOX FITNESS SEPULVEDA, INC., inclusive,<br><br>　　　　Defendants. | Case No.: 2:16-CV-01795 MWF (JCx)<br><br>**STIPULATION AND PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION**<br><br>[CHANGES MADE BY COURT IN ACCORDANCE WITH SEPTEMBER 9, 2016 TENTATIVE RULING] |

1  **TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES:**

2       Plaintiff Tamar Kasbarian ("Plaintiff"), on the one hand, and Defendant Equinox
3  Holdings, Inc. ("Equinox" or Defendant), on the other hand,[1] move the Court for a
4  Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure
5  concerning the treatment of Confidential Information (as hereinafter defined) and, as
6  grounds therefore, state as follows:

7       1.    In this action, at least one of the Parties has sought and/or is seeking
8  Confidential Information (as defined in Paragraph 2 below).  Both Parties have and
9  hereby do represent that they have taken steps to protect certain documents and
10 information potentially subject to disclosure through informal or formal discovery or
11 otherwise subject to disclosure in the litigation as confidential, proprietary and/or trade
12 secret.  The Parties wish to ensure that both Parties are in a position to produce all
13 responsive documents in the litigation while still protecting their confidential, proprietary
14 and trade secret information and pursuing steps to minimize, if not eliminate, any
15 violation of third party privacy rights due to the disclosure of third party information.
16 The Parties assert the disclosure of such information outside the scope of this litigation
17 could result in significant injury to one or more of the Parties' business or privacy
18 interests.  The Parties have entered into this Stipulation and request the Court to enter the
19 within Protective Order for the purpose of preventing the disclosure and use of
20 Confidential Information except as set forth herein.

21       2.    Definitions.

22       a.    "Confidential Information" means any document, file, portions of files, or
23       Confidential Discovery Response, including any extract, abstract, chart, summary,
24       note, or copy made therefrom – not made available to the public – and designated
25       by one of the Parties in the manner provided in Paragraph 3 below containing:

26                   i. personnel records, including compensation history,
27                      performance reviews, disciplinary action and personal

28

---

[1] Plaintiff and Defendant are hereinafter referred to jointly as the "Parties."

        identification information (including Social Security numbers, phone numbers and addresses) of Defendant's current and former employees;

    ii. information concerning Defendant's compensation ranges or structures for current and former employees and criteria for performance evaluation;

    iii. information concerning Defendant's employee payment structures and incentive compensation plans, including but not limited to incentive summaries and all information used to calculate commissions and other incentive payments to Defendant's current and former employees;

    iv. information pertaining to Defendant's clients, including but not limited to contact information of clients;

    v. information and materials related to Defendant's sales and marketing efforts;

    vi. proprietary and confidential financial information relating to Defendant;

    vii. confidential financial information relating to Plaintiff;

    viii. Plaintiff's medical information and records; and

    ix. Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

  b. "Confidential Discovery Responses" mean any documents or information produced by Plaintiff or Defendant in connection with this action that are designated as CONFIDENTIAL, which may include: (1) documents produced pursuant to requests under the Federal Rulesof Civil Procedure; (2) documents produced pursuant to a subpoena *duces tecum*; (3) documents produced voluntarily or in response to informal requests; (4) responses to interrogatories; (5) responses to documents requests; (6) responses to requests for admission;

(7) deposition testimony; and (8) any information contained within any documents produced in this action."

3. <u>Confidential Designation.</u>

Plaintiff, Defendant or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" any document, deposition testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 4-9. The Parties shall act in good faith and on a reasonable basis when designating material as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" and shall indicate their understanding and intention to be bound by the provisions of this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit A.

4. <u>Limitations on Access to Documents Designated "CONFIDENTIAL."</u>

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction or pursuant to a lawful subpoena issued in another action, documents, deposition testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence, shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose, and shall not be used in any other lawsuit, action, or other matter. Nothing in this Order restricts the ability of any party to use or disclose its own Confidential Information. Access to "CONFIDENTIAL" documents, deposition testimony, information or material shall be limited to:

    a.    The Parties (including any officer, director, employee or agent of Defendant who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement

of this action), counsel for the Parties hereto (including any clerks, secretaries, paralegals, investigators, legal assistants, and any employee, independent contractor, or agent of counsel for the Parties who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement of this action), court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

    b.    Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    c.    Dispute resolution providers, including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

    d.    Court and administrative personnel, including judges, court reporters, law clerks and clerks engaged in proceedings in this case; and

    e.    Witnesses at any deposition or other proceeding in this action, which is reasonably necessary for the prosecution or defense of this action.

5. <u>Limitations on Access to Documents Designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL."</u>

"COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or copies thereof, may be reviewed by the Parties to this litigation, officers and current employees of the Parties to this litigation to whom they are produced (only to the extent that they are responsible for the prosecution and/or defense of this litigation, are actual or potential witnesses, or whose knowledge of such information is otherwise necessary to enable the

Parties to prosecute or defend this action, or to engage in appellate proceedings herein), but may not be held in the possession of the Party to whom it is produced.

"COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL" may only be held in the possession of the following persons and is subject to the following conditions:

    a.    Counsel of record for the Parties in this litigation, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    b.    Independent experts and consultants employed, consulted or retained in the litigation by a Party or the attorneys for a Party to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the litigation; provided, however, that the experts or consultants to whom such possession is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    c.    Deposition reporters and their support personnel for purposes of preparing deposition transcripts; provided, however, that those to whom such possession is permitted shall, prior to such possession, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    d.    The court, case manager, reporters, or other personnel assigned to this litigation;

      e.    Any discovery referee or similar individual who may be assigned to this litigation.

The following persons may be shown but not given possession of documents designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL":

      a.    Any witness in a deposition in this litigation, where documents designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL" is relevant to the subject matter the deponent would be likely to have knowledge; provided, however, that any such witness shall, prior to any disclosure or access, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

      b.    The author(s), sender(s), addressee(s) and copy recipient(s) of the documents designated "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL";

      c.    Percipient witnesses called to testify at trial, but only for purposes of such trial testimony.

6.    <u>Limitations on Access to Documents Designated "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL."</u>

Unless otherwise ordered by the Court or permitted in writing by the designating party, access to "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, testimony, information or material shall be limited to:

      a.    Outside counsel of record in this litigation for the Party receiving the materials, as well as employees, independent contractors, or agents of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A; .

      b.    The Court and its personnel;

      c.    Reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A;

1          d.    Any other person(s) only with the express written permission of the producing/designating Party, which shall not be unreasonably withhold to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A.

        7.    <u>Designation of Confidential Material.</u>

Designation as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" pursuant to this Protective Order may be accomplished by stamping the word "CONFIDENTIAL," COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" on the face of a multiple-page document if the document is bound. If the document is not bound, designation of a document as "CONFIDENTIAL, " COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL." The Parties may designate documents previously produced in the litigation to date as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by Bates Numbers.

        8.    <u>Designation of Deposition Testimony as Confidential.</u>

Plaintiff, Defendant or any third party as to testimony given by the third party at the deposition, may designate deposition testimony as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" by stating on the record

at the deposition, or in writing within thirty (30) days after the Court enters this Stipulated Protective Order, or in writing within thirty (30) days after the receipt of the deposition transcript, that specified testimony is confidential.  During the interim period before the Court enters this Stipulated Protective Order and the interim 30-day period after a deposition transcript is received, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

9. <u>Designation of Discovery Responses as Confidential</u>.

Plaintiff, Defendant or any third party as to information given by that party in response to information requests, may designate as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" any specific responses to information requests by labeling the specific response "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL."

10. <u>Use of Confidential Documents or Information in Court Filings.</u>

Any papers to be filed with the Court that contain information and/or documents that have been designated as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL," shall be submitted to the Court in accordance with Local Rule 79-5 (amended December 1, 2015), including Local Rule 79-5.2.2.

11. <u>Disclosure to Experts, Witnesses and Dispute Resolution Providers.</u> "CONFIDENTIAL," COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, deposition testimony, information or material shall not be disclosed to any expert or consultant (as defined in Paragraph 4(b)) or any dispute resolution provider (as defined in Paragraph 4(c)) or any witness at any deposition in this action unless and until such person is given a copy of Exhibit B to this Order.  Upon receipt of Exhibit B, which recites this Order's restriction on the use of "CONFIDENTIAL," COUNSEL'S

POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, the expert or consultant (as defined in Paragraph 4(b)) or any dispute resolution provider (as defined in Paragraph 4(c)) or any witness at any deposition will become bound by this Order.

12. <u>Limitation on Copies of Confidential Information.</u>

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" information or material than are reasonably necessary to conduct this litigation.

13. <u>Storage of Confidential Information.</u>

Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" information and material (except information and material in the possession of the Court/Court personnel) shall remain in the possession of counsel for the respective Parties or their experts or consultants (after compliance with Paragraph 11) and be stored in a secure place.

14. <u>Challenge to Confidential Designation.</u>

If Plaintiff, Defendant or any third party objects to the designation of any document, deposition testimony, information, or material, the Parties, in compliance with Local Rule 37-1, shall attempt to resolve the dispute in good faith on an informal basis. If the Parties are unable to resolve the dispute informally within ten (10) business days after the time the informal notice is received, in compliance with Local Rule 37-2, the objecting party may apply to the Court for a ruling that the document, deposition testimony, information, or material shall not be so treated. In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish that good cause exists for the disputed information to be treated as described in Paragraphs 4-9 under Fed.

R. Civ. P. 26(c). If the objecting party files a timely motion, the material shall continue to be remain protected under the terms of the Protective Order until the Court rules on such motion.

15. <u>Return of Confidential Information Upon Resolution of the Lawsuit.</u>

Upon termination of this litigation, all originals and copies of "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, deposition testimony, information, or material (and all summaries thereof) (except those in the possession of the Court/Court personnel) shall be returned to counsel for the producing party(ies) or destroyed, except that counsel for the Parties may keep one copy of such documents, deposition testimony, information, or material for their records. If "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" documents, deposition testimony, information, or material (and all summaries thereof) is destroyed rather than returned, counsel responsible for destruction must verify to counsel for the producing party(ies) that said documents have been destroyed within 30 days of termination of this litigation.

16. <u>Additional or Different Protection for Confidential Information.</u>

The parties understand that trials are presumptively public proceedings and that, absent further order of the presiding judicial officer, the trial in this matter will be open to the public and all information/evidence presented at trial will be made public. Should either party seek to use any Confidential Discovery Responses at trial, the parties shall – prior to the pretrial conference/trial -- confer in an effort to agree upon a procedure to propose to the Court regarding maintenance of the confidentiality of such information and documents at trial.

Nothing in this Protective Order shall preclude any party from seeking and obtaining from counsel for the opposing party or the Court, on appropriate showing, a further stipulation and/or protective order relating to any discovery in this case or the use

of confidential discovery responses and transcribed or videotaped testimony at trial or filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. <u>Modification.</u>

This Protective Order may be modified by the Court at any time for good cause shown following notice to both Parties and an opportunity for them to be heard. This Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public.

18. <u>Federal Rule of Evidence 502(d).</u>

The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19. <u>No Waiver.</u>

Nothing in this Protective Order shall be deemed to limit or waive any right of Plaintiff or Defendant to object to discovery with respect to any information or documents which may be claimed to be outside the scope of discovery for any reason, including without limitation the reasons that it is privileged, confidential, and/or trade secret information which would not adequately be protected by the provisions of this Protective Order. In addition, by entering into this Protective Order, Plaintiff and Defendant do not waive their respective rights to object to the admission of evidence of the information and documents she/it deems confidential. Plaintiff and Defendant further

retain their respective rights to use her/its own documents and information within their own complete discretion.

It is so stipulated.

Dated:  September 1, 2016              SHEGERIAN & ASSOCIATES, INC.


                                       By:    /s/ Carney R. Shegerian
                                              Carney R. Shegerian
                                              Anthony Nguyen


                                              Attorneys for Plaintiff
                                              TAMAR KASBARIAN

Date:    September 1, 2016             JACKSON LEWIS P.C.


                                       By:    /s/ Dorothy L. Black
                                              Mia Farber
                                              Dorothy L. Black

                                              Attorneys for Defendant
                                              EQUINOX HOLDINGS, INC.


IT IS SO ORDERED this 16th day of September., 2016


                                       _____/s/_____
                                       Honorable Jacqueline Chooljian
                                       UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

1. My name is_____.

2. I have read the Protective Order (the "Order) that has been entered in the matter of *Tamar Kasbarian v. Equinox Holdings, Inc., et al.*, USDC Case No: 2:16-CV-01795 MWF (JCx), a copy of which has been given to me. I understand the provisions of this Order and agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed this _____ day of _____, 201__, at _____.

_____
Signature

Affiliation:
_____
Business Address:
_____
Home Address:
_____

   DATED this ____ day of _____, 201__.

# EXHIBIT B
## NOTICE OF PROTECTIVE ORDER

1. You are being provided with a copy of this Notice of Protective Order ("Notice") to advise you that a Protective Order ("Order") has been entered in the matter of *Tamar Kasbarian v. Equinox Holdings, Inc.*, *et al.*, USDC Case No: 2:16-CV-01795 MWF (JCx). By order of the Court, you are bound by the Order upon receipt of this Notice absent further order of the Court.

2. The purpose of the Order is to ensure that both Parties in this action are in a position to produce documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information. Accordingly, pursuant to the Order, and absent further order of the Court, any documents which you receive and/or review which are designated as "CONFIDENTIAL," "COUNSEL'S POSSESSION ONLY CONFIDENTIAL MATERIAL," or "ATTORNEYS EYES ONLY CONFIDENTIAL MATERIAL" shall be held in strict confidence, shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose, and shall not be used in any other lawsuit, action, or other matter.

4851-1312-9270, v. 1